IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NICHOLAS HEATH, | |
| Plaintiff, | |
| vs. | Case No. 3:22-cv-3120-DWD |
| VILLAGE OF CENTRAL CITY, et al., | |
| Defendants. | |

**AGREED PROTECTIVE ORDER**

The parties agreed to the terms of this Agreed Protective Order. Having found good cause under Federal Rule of Civil Procedure 26(c)(1), it is **ORDERED**:

1. **Scope.** All materials produced or adduced during discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Agreed Protective Order concerning Confidential Information, as defined below. This Agreed Protective Order is subject to the Local Rules of this District Court and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. **Confidential Information.** As used in this Agreed Protective Order, "Confidential Information" means information designated as "CONFIDENTIAL—SUBJECT TO AGREED PROTECTIVE ORDER" by the producing party that falls within one or more of these categories: (a) information prohibited from disclosure by statute, including employee personnel records; (b) information that reveals trade secrets; (c)

1

research, technical, commercial or financial information that the party has maintained as confidential; (d) medical information related to any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (g) personnel or employment records of a person who is not a party to the case.

Information or documents that are available to the public may not be designated as Confidential Information.

### 3. Designation

#### 3.1 Documents

A party may designate a document as Confidential Information for protection under this Agreed Protective Order by placing or affixing the words "CONFIDENTIAL—SUBJECT TO AGREED PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document.

As used in this Agreed Protective Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL—SUBJECT TO AGREED PROTECTIVE ORDER" shall be applied prior to or at the time the documents are produced or disclosed. Applying the marking "CONFIDENTIAL—SUBJECT TO AGREED PROTECTIVE ORDER" to a document does not mean that the document has any status or protection by statute or otherwise, except to the extent and for the purposes of this Agreed Protective Order. Any copies that are made of any documents marked "CONFIDENTIAL—SUBJECT TO

AGREED PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

The designation of a document as Confidential Information is a certification by an attorney or a party appearing *pro se* that the document contains Confidential Information as defined in this Agreed Protective Order.

### 3.2   Depositions

Deposition testimony is protected by this Agreed Protective Order only if designated as "CONFIDENTIAL—SUBJECT TO AGREED PROTECTIVE ORDER" on the record at the time the testimony is taken. Such designation shall be specific as to the portions that contain Confidential Information. Deposition testimony so designated will be treated as Confidential Information protected by this Agreed Protective Order until fourteen days after delivery of the transcript by the court reporter to any party or the witness. Within fourteen days after delivery of the transcript, a designating party may serve a Notice of Designation to all parties of record identifying the specific portions of the transcript that are designated Confidential Information, and thereafter those portions identified in the Notice of Designation shall be protected under this Agreed Protective Order. The failure to serve a timely Notice of Designation waives any designation of deposition testimony as Confidential Information made on the record of the deposition, unless otherwise ordered by the Court.

4.  **Protection of Confidential Material**

    4.1  **General Protections**

Confidential Information shall not be used or disclosed by the parties, counsel for the parties, or any other persons identified in subparagraph (b) for any purpose other than in this litigation, including any appeal.

    4.2  **Limited Third-Party Disclosures**

The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as stated in the subparagraphs below. Subject to these requirements, the categories below of persons may be allowed to review Confidential Information:

    4.2.1  **Counsel**.

Counsel for the parties and employees of counsel who have responsibility for the action;

    4.2.2  **Parties.**

Individual parties and employees of a party, but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

    4.2.3  **The Court and its Personnel**;

    4.2.4  **Court Reporters and Recorders.**

Court reporters and recorders engaged for depositions;

    4.2.5  **Contractors.**

Those persons specifically engaged only to make copies of documents or

organizing or processing of documents, including outside vendors hired to process electronically stored documents;

### 4.2.6   Consultants and Experts.

Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

### 4.2.7   Witnesses at Depositions.

During their depositions, witnesses to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts.  Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information under the process set out in this Agreed Protective Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Agreed Protective Order.

### 4.2.8   Other Witnesses.

A party, through counsel, may disclose confidential information to a witness, if counsel determines in good faith that such disclosure is necessary for such witness's ability to recall information or otherwise impart relevant information or dispute relevant information on a document, even if said witness will not be called at trial.

### 4.2.9   Author, Recipient, or Subject.

The author, recipient, or subject of the document (not including a person who received the document during litigation); and,

### 4.2.10  Others by Consent.

Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

### 4.2.11  Control of Documents.

Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Agreed Protective Order for three years after the termination of the case.

5.   **Inadvertent Failure to Designate.**  An inadvertent failure to designate a document as Confidential Information does not, alone, waive the right to so designate the document, except that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony.

If a party designates a document as Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to ensure that the document is treated in accordance with the provisions of this Agreed Protective Order. No party will be found to have violated this Agreed Protective Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so

designate was inadvertent and where the material is later designated Confidential Information. A party making an untimely designation of a document as Confidential Information, must accompany the late designation with an explanation of the reason for the late designation. A party making an untimely designation of a document as Confidential Information within 60 days of the close of discovery will require a showing of good cause and a court order for such designation to fall within this Agreed Protective Order.

      **6.**    **Filing of Confidential Information**. This Agreed Protective Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as Confidential Information in connection with a motion, brief, or other submission to the Court must seek leave of the Court.

      **7.**    **No Greater Protection of Specific Documents.** Except on privilege grounds not addressed by this Agreed Protective Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Agreed Protective Order unless the party moves for an order providing such special protection.

      **8.**    **Challenges by a Party to Designation as Confidential Information.** The designation of any material or document as Confidential Information is subject to challenge by any party. The following procedure shall apply to any such challenge.

          **8.1**    **Meet and Confer**.

A party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the

designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five business days. If the designating party has designated a publicly available document as "Confidential Information," it must explain why the information is nonetheless covered by this Agreed Protective Order.

       **8.2**     **Judicial Intervention.**

A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must include a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties will continue to treat the materials as Confidential Information under this Agreed Protective Order.

       **9.**     **Action by the Court.** Applications to the Court for an order relating to materials or documents designated Confidential Information shall be by motion. Nothing in this Agreed Protective Order or any action or agreement of a party under this Agreed Protective Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

       **10.**     **Use of Confidential Documents or Information at Trial.** Nothing in this

Agreed Protective Order may affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that expects that another party may present Confidential information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may make such orders as are necessary to govern the use of such documents or information at trial.

11. **Confidential Information Subpoenaed or Ordered Produced in Other Litigation**. If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated here as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Agreed Protective Order. In addition, the receiving party must deliver a copy of this Agreed Protective Order promptly to the party in the other action that caused the subpoena to issue.

The purpose of imposing these duties is to alert the interested persons to the existence of this Agreed Protective Order and to afford the designating party an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these

9

provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations in this paragraph remain in effect while the party has in its possession, custody, or control Confidential Information by the other party to this case.

12. **Challenges by Members of the Public to Sealing Orders.** A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

13. **Obligations on Conclusion of Litigation**.

    13.1 **Order Continues in Force.**

Unless otherwise agreed or ordered, this Agreed Protective Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

14. **Order Subject to Modification**. This Agreed Protective Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

15. **No Prior Judicial Determination.** This Agreed Protective Order is entered based on the representations and agreements of the parties and to facilitate discovery. Nothing here shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties is discoverable or otherwise entitled to protection under the Federal Rules of Civil Procedure until the Court may rule on a specific document or issue.

16. **Persons Bound.** This Agreed Protective Order will take effect when entered

and shall be binding on all counsel of record and their law firms, the parties, and persons made subject to this Agreed Protective Order by its terms.

**SO ORDERED**.

Dated: October 11, 2023

s/ *David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge

**Attachment A to the Agreed Protective Order**

**ACKNOWLEDGMENT AND
AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Agreed Protective Order dated October 11, 2023, in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Southern District of Illinois in matters relating to the Agreed Protective Order and understands that the terms of the Agreed Protective Order obligate him/her to use materials designated as Confidential Information in accordance with the Agreed Protective Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm, or concern.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

**Name**:

**Business Address**:

**Phone Number**:

**Signature**:

**Date of Signature**: