IN THE UNITED STATES DISTRICT COURT
FOR SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NICHOLAS HEATH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| VILLAGE OF CENTRAL CITY, ILLINOIS, GARY HALL, in his official capacity as Mayor, Trustee, and President of the Village of Central City, Illinois, and KEN BUCHANA, in his official and individual capacity | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

Case No. 3:22-cv-3120-DWD

## DISCOVERY ORDER

**DUGAN, District Judge:**

The parties submitted a Joint Written Discovery Report ("JWDR") and a Supplemental JWDR for the Court's consideration. On January 18, 2024, the Court found those submissions failed to comply with its Case Management Procedures. (Doc. 33). The parties were directed to meet, confer, and further report on their discovery disputes in a compliant JWDR. (Doc. 33). The parties did so; therefore, Plaintiff was granted leave to file a Motion to Compel, if any, by March 25, 2024. (Doc. 35). Defendants had until April 1, 2024, to file a Response to any Motion to Compel. (Doc. 35). Plaintiff filed a Motion to Compel on March 20, 2024, but Defendant failed to file a Response. (Docs. 35 & 37).

Based on the JWDR and the representations of Plaintiff, the Motion to Compel is **GRANTED in part** and **DENIED in part**. The Court **ORDERS** as follows:

1.      **The Insurance Policy under Rule 26(a)(1)(A)(iv)**. Plaintiff indicates Defendants have still not produced the relevant insurance policy. (Doc. 37, pg. 1; JWDR, pg. 1). Defendants indicate they have requested the insurance policy and have no objection to its production. Accordingly, if they have not already done so, Defendants are **DIRECTED** to produce the insurance policy within 10 days of this date.

2.      **Interrogatory 2(c) of Plaintiff's First Set of Interrogatories**. As to Plaintiff's discharge, he inquired as to whether, "[i]n making the decision, the individuals identified in subpart A relied on any documents." (Doc. 37-1, pgs. 3-4). Defendants were asked to "identify the documents on which they relied." (Doc. 37-1, pg. 4). Defendants responded by stating: "The decision was made by a vote at the Village Board Meeting after conversations in closed session, which are privileged. The meeting minutes of the close[d] session have previously been produced." (Doc. 37-1, pg. 4). Further, in the JWDR, Defendants indicate, "[a]ll documents regarding the discharge have been produced." (JWDR, pg. 2). Now, Defendants' claimed privilege, which was in no way explained to the Court, appears to be inapplicable. Plaintiff does not request the substance of closed session conversations. He requests the identification of documents relied upon in making the discharge decision. (Doc. 37-1, pgs. 3-4). Accordingly, if they have not already done so, Defendants are **DIRECTED** to respond to Interrogatory 2(c), identifying the documents contemplated therein, if any, within 10 days of this date.

3.      **Interrogatory 4 of Plaintiff's First Set of Interrogatories**. Interrogatory 4 provides: "State the date on which you received the letter from Karlie Patten, addressed 'To whom it may concern' and included with the IDHR response…who first received the

2

letter, and the method of delivery." (Doc. 37-1, pg. 5). Defendants responded by stating: "The letter from Karlie Patten addressed 'to whom it may concern' is not dated and the Defendants are not aware of the specific date when the letter was received by Central City." (Doc. 37-1, pg. 5). The Court agrees with Plaintiff that Defendants ignore what is plainly requested in Interrogatory 4. While they state the date of the letter is unknown, Defendants fail to state the date on which they received the letter. Further, Defendants' answer in no way touches upon "who first received the letter" or the "method of delivery." (Doc. 37-1, pg. 5). Accordingly, if they have not already done so, Defendants are **DIRECTED** to fully respond to Interrogatory 4 within 10 days of this date.

4. **Interrogatory 5 of Plaintiff's First Set of Interrogatories**. In this Interrogatory, Plaintiff refers to certain information written in the minutes from a closed meeting session on November 20, 2019. (Doc. 37-1, pg. 5). He then requests, "[f]or each action you took because of the information reported in said paragraph, state: date of each action, who took each such action, and a description of the action taken on the given date." (Doc. 37-1, pg. 5). Defendants answered: "The investigation conducted by Charles A. Pierce, Attorney at Law." (Doc. 37-1, pg. 5). Plaintiff argues this answer is unresponsive, incomplete, and evasive, as Defendants did not answer, *e.g.*, whether and when they hired Pierce. (JWDR, pg. 3; Doc. 37, pg. 3). The Court agrees with Plaintiff that Defendants' answer is lacking in specificity. While Defendants appear to indicate "a description of the action taken," namely, the investigation of Mr. Pierce, the Court agrees with Plaintiff that they do not clearly answer the date of the action or who specifically

took the action. Accordingly, if they have not already done so, Defendants are **DIRECTED** to fully respond to Interrogatory 5 within 10 days of this date.

     5.     **Interrogatory 6 of Plaintiff's First Set of Interrogatories**. Interrogatory 6 states: "In the document you attached to your response to the Illinois Dept of Human Rights…you stated: 'As you are aware, the Village of Central City, Illinois previously received both verbal and written complaints against Chief Nick Heath relative to alleged sexual harassment." (Doc. 37-1, pgs. 5, 7). As to each verbal and written complaint, Plaintiff sought the date of receipt, the identity of the complainant and to whom he or she complained, the substance of the complaint, and all actions taken (and the dates taken) due to the complaint. (Doc. 37-1, pg. 7). Defendants answered as follows: "Karlie Patten made verbal complaints to Village Board Members and a number of written complaints against Nicholas Health, the documents were included in the previous productions by the Plaintiff and documents provided to the Illinois Department of Human Rights." (Doc. 37-1, pg. 7). Plaintiff argues this answer is unresponsive, as it did not include the details requested and Defendants directed him to unspecified documents. (JWDR, pg. 3; Doc. 37, pg. 4). The Court agrees. Beyond indicating a single complainant, as well as the fact that certain documents were previously produced, Defendants in no way described the complaints contained in the produced documents by answering the specific questions posed by Plaintiff. Accordingly, if they have not already done so, Defendants are **DIRECTED** to fully respond to Interrogatory 6 within 10 days of this date.

     6.     **Request 1 of Plaintiff's First Set of Requests for Production**. Plaintiff seeks the "[o]riginal complaints against plaintiff by Karlie Patten." (Doc. 37-2, pg. 1). Defendant

4

responded, "[t]he Defendant is not in possession of the documents requested." (Doc. 37-3, pg. 1). In the JWDR, Defendants indicated they produced a copy of the original complaints. (JWDR, pg. 4). Also, all discovery responses have been served upon the parties electronically. (JWDR, pg. 4). Defendants are unaware of how to forward the originals to the Plaintiff. (JWDR, pg. 4). Otherwise, Defendants do not appear to object to Request 1. Accordingly, within 10 days of this date, the parties are **DIRECTED** to meet and confer on an agreeable date for Plaintiff to inspect the original complaints at issue.

7. **Requests 4-8, 25-26, and 28 of Plaintiff's First Set of Requests for Production**. Defendants allegedly indicated they would respond to these requests or, as to one request, were reconsidering their response. (Doc. 37, pg. 5). To date, they have not done so. (Doc. 37, pg. 5). In the JWDR, Defendants indicated certain recordings could not be located. (JWDR, pg. 4). Further, as to the request under reconsideration, which was previously objected to on the basis of relevance, Defendants have not updated their position by filing a Response to the Motion to Compel. Accordingly, if they have not already done so, Defendants are **DIRECTED** to comply with Requests 4-8, 25-26, and 28 of Plaintiff's First Set of Requests for Production within 10 days of this date.

8. **Requests 21, 22, and 23 of Plaintiff's First Set of Requests for Production**. These requests pertain to "documents relating to other attorneys," Mr. Pierce and Ms. Tracy Willenborg. (Doc. 37, pg. 5). Neither attorney has entered in this case. In their responses, Defendants invoked the work product doctrine. (Doc. 37-3, pg. 6). Thereafter, in the JWDR, Defendants indicated they have produced the documents in their possession. (JWDR, pgs. 5-6). Defendants also noted Plaintiff has subpoenaed each

5

attorney for certain documents. (JWDR, pg. 5). Accordingly, if they have not already done so, Defendants are **DIRECTED** to produce any responsive documents, in their possession and for which there is no claim under the work product doctrine, within 10 days of this date. To the extent Defendants are withholding documents based on the work product doctrine, they are **DIRECTED** to provide Plaintiff a privilege log, itemizing and briefly describing the nature of each withheld document, within 10 days of this date. If Plaintiff disagrees with any assertion by Defendants of the work product doctrine, then the parties are **DIRECTED** to follow the "Discovery Disputes" provisions of the Court's Case Management Procedures. Finally, to the extent Plaintiff is requesting an order for attorneys, who have not appeared before the Court, to produce documents pursuant to his First Set of Requests for Production, that request is **DENIED**. Plaintiff has provided no authority on which the Court could issue such an order.

9. **<u>Request 27 of Plaintiff's First Request for Admissions</u>**. Request 27 states: "Between April 5, 2021 and April 12, 2021, plaintiff and Mayor Buchanan decided that Officer Patten's discipline would be a one-day suspension and write-up." (Doc. 37-4, pg. 7). Defendants responded: "The Defendants admit that Officer Patten received a one-day suspension and a write-up; however, the Defendants lack sufficient knowledge to either admit or deny the remaining allegations of Paragraph 27, regarding the dates and the Mayor's recollection of the discussion." (Doc. 37-4, pg. 7). Plaintiff argues the answer is inadequate and unresponsive. (Doc. 37, pg. 6). The Court agrees. Defendants admitted that Officer Patten received a one-day suspension and write-up, but they did not admit or deny that plaintiff and Mayor Buchanan decided upon that discipline during the stated

6

timeframe. Also, Defendants did not comply with Federal Rule of Civil Procedure 36(a)(4).[1] Accordingly, if they have not already done so, Defendants are **DIRECTED** to answer Request 27 of Plaintiff's First Request for Admissions within 10 days of this date.

**SO ORDERED.**

Dated: April 19, 2024.

s/ *David W. Dugan*
DAVID W. DUGAN
United States District Judge

---

[1]Rule 36(a)(4) provides:

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Fed. R. Civ. P. 36(a)(4).