IN THE UNITED STATES DISTRICT COURT
FOR SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NICHOLAS HEATH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| VILLAGE OF CENTRAL CITY, ) | Case No. 3:22-cv-3120-DWD |
| ILLINOIS, GARY HALL, in his official ) | |
| capacity as Mayor, Trustee, and ) | |
| President of the Village of Central City, ) | |
| Illinois, and KEN BUCHANA, in his ) | |
| official and individual capacity ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

The parties previously submitted a Joint Written Discovery Report ("JWDR") and a Supplemental JWDR for the Court's consideration. On January 18, 2024, the Court found those submissions failed to comply with its Case Management Procedures. (Doc. 33). The parties were directed to meet, confer, and further report on their discovery disputes in a compliant JWDR. (Doc. 33). The parties did so; therefore, Plaintiff was granted leave to file a Motion to Compel by March 25, 2024. (Doc. 35). Defendants had until April 1, 2024, to file a Response. (Doc. 35). Plaintiff filed a Motion to Compel on March 20, 2024, but Defendant did not file a Response. (Docs. 35 & 37). On April 19, 2024, the Court resolved Plaintiff's Motion to Compel largely in his favor. (Doc. 38). Defendants were directed to take nine specific actions toward compliance in discovery. (Doc. 38).

Now, Plaintiff has filed a Motion for Sanctions under Federal Rule of Civil Procedure 37, suggesting Defendants failed to timely comply with 8 of the Court's 9 directives. (Doc. 40, pgs. 1-2). Plaintiff requests that the Court: (1) bar Defendants from using or mentioning Karlie Patten's written complaints, or their contents, about Plaintiff (*see* Doc. 38, ¶6); (2) again order Defendants to fully comply, within 5 days, with the directives in ¶¶ 2-8 of its Discovery Order at Doc. 38; (3) deem it admitted by Defendants that "[b]etween April 5, 2021, and April 21, 2021, plaintiff and Mayor Buchanan decided that Officer Patten's discipline would be a one-day suspension and write-up" (*see* Doc. 38, ¶ 9); (4) grant Plaintiff 5 days to review and assess Defendants' attempted compliance with (2); and (5) order Defendants to pay Plaintiff the attorney fees associated with his attempts to secure compliance in discovery. (Doc. 40, pgs. 2-3).[1]

In a Response, Defendants inform the Court that they "did not respond to the Motion to Compel…because Counsel for the Defendants felt…[it] was justified." (Doc. 41, pgs. 3-4). Further, Defendants' attorney suggests, after the Court entered its Discovery Order, he "continued to work in an effort to respond to the outstanding discovery." (Doc. 41, pg. 4). However, Defendants' attorney represents that a number of Defendants are no longer associated with the Village of Central City, which has allegedly caused Defendants' difficulty in the "monumental task" of timely responding to discovery. (Doc. 41, pg. 4). In any event, Defendants intimate that (1) Plaintiff was informed Defendants

---

[1] Plaintiff also requests an extension of the deadline for completing discovery. (Doc. 40, pg. 3). However, pursuant to a separate Motion by Plaintiff, the discovery deadline has already been extended. (Docs. 42 & 43). Therefore, the issue appears to be moot. Of course, Plaintiff may seek a further extension of the discovery deadline by another separate motion, if appropriate.

were, in good faith, "gathering additional documents which would be provided in response to the court's order," and (2) Defendants complied "with all outstanding discovery issues as described in this Court's Discovery Order" by May 3, 2024. (Doc. 41, pgs. 4-6).[2] Although Defendants' compliance did not occur within 10 days, as required, Defendants request a finding that their supplemental responses were timely due to good cause and excusable neglect under Federal Rule of Civil Procedure 6(b). (Doc. 41, pg. 6).

In a Reply, Plaintiff notes, *inter alia*, "Defendants do not dispute that they violated the [Discovery] Order requiring supplemental responses by April 29, 2024." (Doc. 44, pg. 1). Plaintiff further notes that Defendants seek a finding of timeliness under Rule 6(b) despite never explaining "why their neglect to respond within 10 days was excusable…or [why there was] good cause for failing to comply within 10 days." (Doc. 44, pg. 1).

Under Federal Rule of Civil Procedure 37(a)(1), a party, "[o]n notice to other parties…may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). Specifically, if a party fails to make a disclosure under Rule 26(a), then another party may move to compel disclosures and for an appropriate sanction. Fed. R. Civ. P. 37(a)(3)(A). Further, a party requesting discovery may move for an order compelling an answer, designation, production, or inspection, including when a party fails to answer an interrogatory under Federal Rule of Civil Procedure 33 or fails to produce documents, respond that an inspection will be permitted, or fails to permit an inspection. Fed. R. Civ.

---

[2]It is striking that Defendants also attempt to argue issues related to the merits of Plaintiff's discovery requests. Such arguments would have been appropriate in a Response to the Motion to Compel. (Doc. 41, pg. 5). It is Defendants' alleged noncompliance with the Discovery Order that is now at issue.

3

P. (a)(3)(B)(iii) and (iv). Evasive or incomplete disclosures, answers, or responses must be treated as a failure to disclose, answer, or respond. Fed. R. Civ. P. 37(a)(4).

If a party fails to obey an order for discovery, including as to Rule 37(a), then the Court may issue further just orders, including orders that: (1) direct matters to be taken as established for purposes of the action, as the proponent claims; (2) prohibit the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters into evidence; (3) strike, in whole or in part, pleadings; (4) stay the proceedings until the order is obeyed; (5) dismiss, in whole or in part, the action or proceeding; (6) enter a default judgment against the disobedient party; or (7) treat the failure to obey as contempt of court. Fed. R. Civ. P. 37(b)(2)(A). In place of or in addition to these orders, "the court *must* order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37 (b)(2)(C) (Emphasis in original.).

The Seventh Circuit has stated, when discussing a case proceeding under Rule 37, "sanctions may be appropriate in any one of three instances—where the noncomplying party acted either with willfulness, bad faith[,] or fault." *Marrocco v. General Motors Corp.*, 966 F.2d 220, 224 (7th Cir. 1992) (discussing *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 640 (1976)) (Emphasis in original omitted.); *see also Fed. Nat'l Mortg. Ass'n v. Chicago Title Ins. Co.*, No. 11-cv-768, 2019 WL 5298728, *3 (S.D. Ind. Sept. 20, 2019) ("Rule 37 sanctions are appropriate where a party displays willfulness, bad faith, or fault in violating discovery obligations.") (Emphasis in original omitted.). "Willfulness" and

4

"bad faith" mean an intentional or reckless disregard of a court order. *Marrocco*, 966 F.2d at 224; *Clinical Wound Solutions, LLC v. Northwood, Inc.*, No. 18-cv-7916, 2023 WL 3568624, *10 (N.D. Ill. May 19, 2023). "Fault," by contrast, looks at the reasonableness of the conduct culminating in the violation of the court order. *Marrocco*, 966 F.2d at 224; *Clinical Wound Solutions, LLC*, 2023 WL 3568624 at *10; *see also Long v. Steepro*, 213 F.3d 983, 987 (7th Cir. 2000) ("Fault…suggests objectively unreasonable behavior; it does not include conduct that we would classify as a mere mistake or slight error in judgment.").

Now, the Court must impress upon the parties its belief that these discovery disputes, which do not present any unusual degree of difficulty, have been ongoing for far too long. It appears discovery has stalled merely because the parties lack the motivation or will to get it back on track. After all, the parties failed to make use of the Court's Case Management Procedures, which ordinarily facilitate the resolution of discovery disputes by experienced counsel without the Court's intervention or handholding on routine and noncomplex matters. Plaintiff was forced to obtain leave of the Court to brief a Motion to Compel, on which he was almost entirely successful. As shown by the Court's Discovery Order on that Motion, Defendants' positions, as gleaned from the parties' Joint Written Discovery Report, were largely untenable. Indeed, Defendant themselves admit that they elected not to file a Response to Plaintiff's Motion to Compel because they "felt the Motion to Compel was justified." (Doc. 41, pg. 4).

Nevertheless, Defendants ignored the timeline that was clearly set forth in the Court's Discovery Order and, according to Plaintiff's Reply, still have failed to satisfy their discovery obligations. To be clear, the untimeliness was a choice by Defendants.

5

They did not seek an extension of the time to comply with the Discovery Order, which the Court likely would have freely given. Instead, they now seek a finding of good cause and excusable neglect under Rule 6(b). In other words, as the old adage goes, Defendants choose to seek forgiveness rather than permission. This was a miscalculation. The Court cannot ignore that Defendants' dithering has now resulted in both a stall of discovery and disobedience, at some level that may still need to be determined, of the Court's Discovery Order. Again, Plaintiff alleges, even setting Defendants' untimeliness aside, the supplemental responses remain noncompliant with their discovery obligations.

Accordingly, the Court **FINDS** Defendants' attorney is at fault for failing to timely comply with the Court's Discovery Order. *See Marrocco*, 966 F.2d at 224; *Fed. Nat'l Mortg. Ass'n*, 2019 WL 5298728, *3; *Clinical Wound Solutions, LLC*, 2023 WL 3568624 at *10; *Long*, 213 F.3d at 987. However, at this time, the Court is not prepared to impose all of the sanctions requested by Plaintiff. Therefore, the instant Motion is **GRANTED in part** and **DENIED in part**. *See Melendez v. Illinois Bell Telephone Co.*, 79 F.3d 661, 670 (7th Cir. 1996) ("As we have often stated, Rule 37(b) sanctions provide the district court with an effective means of ensuring that litigants will timely comply with discovery orders."); *Parker v. Freightliner Corp.*, 940 F.2d 1019, 1024 (7th Cir. 1991) ("As we have stated in the past, '[j]udges must be able to enforce deadlines,' [citation], and Rule 37(b) sanctions provide the district court with one means for assuring that dilatory litigants timely comply with its discovery orders."). Defendants' attorney is **DIRECTED** to pay the reasonable expenses, including attorney fees, associated with Plaintiff's preparation of the Motion for Sanctions. *See* Fed. R. Civ. P. 37 (b)(2)(C). By June 21, 2024, Plaintiff shall submit to the

Court's email, DWDpd@ilsd.uscourts.gov, an itemized bill related to the briefing of the Motion for Sanctions. When doing so, Plaintiff's attorney shall include Defendants' attorney on the email. Upon receipt of the itemized bill, the Court will assess the reasonableness of the expenses, including attorney fees, and then order a proper award.

Finally, due to Plaintiff's allegations that Defendants' supplemental responses are still not compliant with their discovery obligations, which Defendants appear to dispute, the parties are **DIRECTED** to diligently meet, confer, and, if necessary, to report on any remaining discovery disputes within 14 days. *See* Case Management Procedures of District Judge David W. Dugan, "Discovery Disputes," pgs. 3-4. The parties are **ADVISED** of the need to carefully consider their discovery obligations under the Federal Rules of Civil Procedure and the Discovery Order. Again, it does not appear to the Court that the discovery disputes at issue are unusually complex or, with determined counsel, incapable of resolution by the parties. Therefore, the parties are **WARNED** that the failure to seek a resolution of the discovery disputes under the Court's Case Management Procedures, in good faith and without further judicial involvement, or to comply with prior directives on these matters, may result in further Rule 37(b) sanctions.

**SO ORDERED.**

Dated: June 14, 2024.

s/ *David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge